IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

KRIS JOSEPH NEVLING

Criminal No. 3:23-cr-14

[UNDER SEAL]

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Maureen Sheehan-Balchon and Shaun E. Sweeney, Assistant United States Attorneys for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a two-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Possession of an Unregistered Firearm/Destructive Device On or about October 3, 2019 | 26 U.S.C. § 5861(d) |
| 2 | Conspiracy to Maliciously Destroy Property By Explosive October 3-4, 2019 | 18 U.S.C. § 844(n) |

**FILED**

SEP 12 2023

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

## II. ELEMENTS OF THE OFFENSES

A. As to Count 1:

In order for the crime of Possession of an Unregistered Firearm/Destructive Device, in violation of 26 U.S.C. § 5861(d), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly possessed a firearm;

2. That this firearm was a destructive device, which is defined to include a bomb;

3. That the defendant knew of the characteristics of the firearm, that is, that it was a bomb;

4. That this firearm could readily have been put in operating condition; and

5. That this firearm was not registered to the defendant in the National Firearms Registration and Transfer Records. It does not matter whether the defendant knew that the firearm was not registered or had to be registered.

> Authority: Third Circuit Model Criminal Jury Instruction 6.26.5861; 18 U.S.C. §§ 5845(a) and (f).

B. As to Count 2:

In order for the crime of Conspiracy to Maliciously Destroy Property By Explosive, in violation of 18 U.S.C. § 844(n), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit an offense against the United States, as charged in the Indictment;

2. That the defendant was a party to or member of that agreement; and

3. That the defendant joined the agreement or conspiracy knowing of its

objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective to commit an offense against the United States.

    Authority: Third Circuit Model Criminal Jury Instruction 6.18.371A (revised to exclude overt act requirement).

### III. PENALTIES

    **A.** **As to Count 1: Possession of an Unregistered Firearm/Destructive Device (26 U.S.C. § 5861(d)):**

    1. A term of imprisonment of not more than ten (10) years (26 U.S.C. § 5871);

    2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)); and

    3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

    4. Any or all of the above.

    **B.** **As to Count 2: Conspiracy to Maliciously Destroy Property By Explosive (18 U.S.C. § 844(n)):**

    1. Imprisonment for any term of years, or life imprisonment (18 U.S.C. §§ 844(n) and 844(i));

    2. A fine not more than the greater of;

        (a) $250,000 (18 U.S.C. § 3571(b)(3));

        or

        (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the

defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than five (5) years, 18 U.S.C. § 3583;

4. Any or all of the above.

## V. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence, pursuant to 18 U.S.C. §§ 3663A and 3664.

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


*s/Maureen Sheehan-Balchon*
MAUREEN SHEEHAN-BALCHON
Assistant U.S. Attorney
PA ID No. 78059

*s/Shaun E. Sweeney*
SHAUN E. SWEENEY
Assistant U.S. Attorney
PA ID No. 53568