IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 3:23-cr-14 |
| KRIS JOSEPH NEVLING<br>CLINT ADDLEMAN | |

FILED
AUG 20 2024
CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

**SUPERSEDING INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Maureen Sheehan-Balchon and Shaun E. Sweeney, Assistant United States Attorneys for said District, and submits this Superseding Indictment Memorandum to the Court:

### I. THE SUPERSEDING INDICTMENT

A federal grand jury returned a four-count superseding indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT |
|---|---|---|---|
| 1 | Possession of an Unregistered Firearm/Destructive Device<br>October 3-4, 2019 | 26 U.S.C. § 5861(d),<br>18 U.S.C. § 2 | BOTH |
| 2 | Conspiracy to Maliciously Destroy Property by Explosive or Fire<br>October 3-4, 2019 | 18 U.S.C. § 844(n) | BOTH |
| 3 | Malicious Destruction of Property by Explosive or Fire Resulting in Death<br>October 4, 2019 | 18 U.S.C. § 844(i) | ADDLEMAN |

| | | | |
|---|---|---|---|
| 4 | Conspiracy to Distribute and Possess with Intent to Distribute a Quantity of Methamphetamine January 2019 through October 2019 | 21 U.S.C. § 846 | ADDLEMAN |

## II. ELEMENTS OF THE OFFENSES

### A.   As to Count 1:

In order for the crime of Possession of an Unregistered Firearm/Destructive Device, in violation of 26 U.S.C. § 5861(d), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly possessed a firearm;

2. That this firearm was a destructive device, which is defined to include a bomb;

3. That the defendant knew of the characteristics of the firearm, that is, that it was a bomb;

4. That this firearm could readily have been put in operating condition; and

5. That this firearm was not registered to the defendant in the National Firearms Registration and Transfer Records. It does not matter whether the defendant knew that the firearm was not registered or had to be registered.

> Authority:   Third Circuit Model Criminal Jury Instruction 6.26.5861; 18 U.S.C. §§ 5845(a) and (f).

### B.   As to Count 2:

In order for the crime of Conspiracy to Maliciously Destroy Property by Explosive or Fire, in violation of 18 U.S.C. § 844(n), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit an offense against the United

States, as charged in the Superseding Indictment;

    2. That the defendant was a party to or member of that agreement; and

    3. That the defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective to commit an offense against the United States.

    Authority: Third Circuit Model Criminal Jury Instruction 6.18.371A (revised to exclude overt act requirement).

**C.    As to Count 3:**

In order for the crime of Malicious Destruction of Property by Explosive or Fire Resulting in Death, in violation of 18 U.S.C. § 844(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1. That the defendant set a fire, or caused a fire to be set, or used an explosive or caused an explosive to be used, in order to damage or destroy property.

    United States v. Barton, 647 F.2d 224 (2d Cir.); cert. denied, 454 U.S. 57 (1981); United States v. Hayward, 6 F.3d 1241 (7th Cir. 1993); 18 U.S.C. § 844(i).

    2. That the defendant acted maliciously.

    United States v. Poulos, 667 F.2d 939 (10th Cir. 1982). See also 1 L.Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, Instruction 30-2; 18 U.S.C. § 844(i).

    3. That the property was used in interstate commerce or in an activity affecting interstate commerce.

    Jones v. United States, 529 U.S. 848 (2000); Russell v. United States, 471 U.S. 858 (1985); United States v. Williams, 299 F.3d 250 (3d Cir. 2002).

    4.    That the defendant's conduct was the direct or proximate cause of the death of a person.

    **D.**    **As to Count 4:**

For the crime of Conspiracy to Distribute and Possess with Intent to Distribute a Quantity of Methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, to be established, the United States must prove the following elements beyond a reasonable doubt:

    1.    That two or more persons agreed to distribute and possess with the intent to distribute a controlled substance.

    2.    That the defendant was a party to or member of that agreement.

    3.    That the defendant joined the agreement knowing of its objective to distribute or possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective; and

    4.    That methamphetamine is a Schedule II controlled substance, pursuant to 21 U.S.C. §§ 812(c), Schedule II(c).

    **E.**    **Aiding and Abetting (18 U.S.C. § 2):**

    1.    That each of the elements of the offense charged was committed by a person.

    2.    That the defendant knew that the offense charged was going to be committed by that person.

    3.    That the defendant knowingly did some act for the purpose of aiding,

assisting, soliciting, facilitating or encouraging that person in committing the specific offense charged with the intent that the person commit that offense.

    4.    That the defendant performed an act in furtherance of the offense charged.

Third Circuit Model Criminal Jury Instruction No. 7.02.

### III. PENALTIES

    **A.**    **As to Count 1: Possession of an Unregistered Firearm/Destructive Device (26 U.S.C. § 5861(d)):**

    1.    A term of imprisonment of not more than ten (10) years (26 U.S.C. § 5871);

    2.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)); and

    3.    A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

    4.    Any or all of the above.

    **B.**    **As to Count 2: Conspiracy to Maliciously Destroy Property by Explosive or Fire (18 U.S.C. § 844(n)):**

    1.    Imprisonment for any term of years, or life imprisonment (18 U.S.C. §§ 844(n) and 844(i));

    2.    A fine not more than the greater of;

        (a)    $250,000 (18 U.S.C. § 3571(b)(3));

or

        (b)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

  3. A term of supervised release of not more than five (5) years, 18 U.S.C. § 3583;

  4. Any or all of the above.

 **C.** **As to Count 3: Malicious Destruction of Property by Explosive or Fire Resulting in Death, (18 U.S.C. § 844(i)):**

  1. Imprisonment for any term of years, or life imprisonment, or the death penalty, 18 U.S.C. § 844(i);

  2. A fine of not more than the greater of either:

   (a) $250,000, 18 U.S.C. § 3571(b)(3);

   or

   (b) An alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process, 18 U.S.C. § 3571(d);

  3. A term of supervised release of not more than five (5) years, 18 U.S.C. § 3583;

  4. Any or all of the above.

 **D.** **As to Count 4: Conspiracy to Distribute and Possess with Intent to Distribute a Quantity of Methamphetamine, a Schedule II controlled substance (21 U.S.C. § 846):**

  1. A term of imprisonment of up to twenty (20) years.

  2. A fine of up to $1,000,000.

  3. A term of supervised release of at least three (3) years.

If the defendant had a prior conviction for a felony drug offense that was final:

1. A term of imprisonment of up to thirty (30) years.

2. A fine of up to $2,000,000.

3. A term of supervised release of at least six (6) years.

## V. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. **RESTITUTION**

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence, pursuant to 18 U.S.C. §§ 3663A and 3664.

## VI. **FORFEITURE**

Not applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


*s/Maureen Sheehan-Balchon*
MAUREEN SHEEHAN-BALCHON
Assistant U.S. Attorney
PA ID No. 78059

*s/Shaun E. Sweeney*
SHAUN E. SWEENEY
Assistant U.S. Attorney
PA ID No. 53568