UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CLINT ADDLEMAN,<br><br>Defendant. | Criminal No.  3:23-cr-14<br><br>Filed Electronically |

**MOTION FOR DISCLOSURE OF ALL PRIOR TESTIMONY OF UNINDICTED CO-CONSPIRATORS AND/OR CONFIDENTIAL INFORMANTS AND FOR DISCLOSURE OF THE IDENTITY AND CONTACT INFORMATION OF THE SAME**

And now, comes the Defendant, Clint Addleman, by and through Counsel, Frank C. Walker II, Esquire, and FrankWalkerLaw, and moves this Honorable Court to enter an Order requiring the government to disclose any and all prior testimony of unindicted co-conspirators and/or confidential informants and for disclosure of the identity and contact information for the same, and in support thereof, avers as follows:

1. Clint Addleman ("Mr. Addleman" hereinafter) was named in a superseding indictment at the above captioned Criminal Number, on or about August 20, 2024, for the following: **Count I** – On or about October 3, 2019, and continuing until on or about October 4, 2019, Mr. Addleman aided and abetted by Kris Joseph Nevling, did knowingly and unlawfully possess a firearm, namely a destructive device, which was not registered to either of them in the National Firearms Registration and Transfer Record, in violation of Title 26, *U.S.C. § 5845(a)(8);* **Count II** - On or about October 3, 2019, and continuing until on or about October 4, 2019, Mr. Addleman and Kris Joseph Nevling, did agree together with other persons known and unknown, to maliciously destroy property by means of an explosive and fire, contrary to the provisions of *Title 18, U.S.C. § 844(i),* in violation of *Title 18, U.S.C.*

*§ 844(n)*; **Count III** – On or about October 4, 2019, Mr. Addleman did maliciously damage and destroy, and cause to be damaged and destroyed, by means of an explosive and fire, a structure located at 327 East Market Street in Clearfield, Pennsylvania, which structure was used in interstate commerce and in activity affective interstate commerce, resulting in the death of S.L.C., whose death was the direct and proximate result of the conduct of Mr. Addleman, in violation of *Title 18, U.S.C. § 844(i)*; and **Count IV** – From in and around January 2019, and continuing until in and around October 2019, Mr. Addleman did knowingly, intentionally, and unlawfully conspire with persons both known and unknown, to possess with the intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, contrary to the provisions of *Title 21, U.S.C. §§ 841(a)(1)* and *841(b)(1)(C),* in violation of *Title 21, U.S.C. § 846*.

2. Mr. Addleman has entered a plea of NOT GUILTY.
3. After review of the discovery in this case, Mr. Addleman believes that the government may seek to introduce at trial certain evidence obtained from unindicted co-conspirators and/or confidential informants.
4. Indeed, the need to have accurate, pretrial information concerning the informants is poignantly described in *United Staes v. Bernal-Obeso*, 989 F.2d 331 (9th Cir. 1993). Circuit Judge Trott noted:

> The use of informants to investigate and prosecute persons engaged in clandestine criminal activity is fraught with peril… By definition, criminal informants are cut from untrustworthy cloth and must be managed and carefully watched by the government and the courts to prevent them from falsely accusing the innocent, from manufacturing evidence against

>those under suspicion of crime, and from lying under oath in the courtroom. As Justice Jackson said forty years ago, "The use of informers, accessories, accomplices, false friends, or any other betrayals which are 'dirty business' may raise serious questions of credibility."… Accordingly, we expect prosecutors and investigators to take all reasonable measures to safeguard the system against treachery.
>
>*Id*.

5. Mr. Addleman has always maintained his innocence concerning the charges set forth in the indictment.

6. The purported informants are percipient witnesses and under *Rovario, Velarde-villarreal* and *Lopez-Hernandez*, the identity and whereabouts of the individual must be revealed.

7. The government's obligation is not fully satisfied by merely disclosing the identity and location of the confidential informants. Specifically, Mr. Addleman requests the informants be produced. The government has the duty to produce the informant, or to show that, despite reasonable effort it was not able to do so. *United States v. Hart*, 546 F.2d 798, 799 (9th Cir. 1976).

8. Ordinarily, the defense will only be afforded the opportunity to rebut such testimony introduced by the Government if the identity and contact information of said unindicted co-conspirators and/or confidential informants as well as any and all prior testimony from said individuals is disclosed to Mr. Addleman early in these proceedings.

9. Therefore, Mr. Addleman respectfully requests that the Court permit defense counsel to question the informants well in advance of trial. *See, United States v. Hernandez*, 608 F.2d 741 (9th Cir. 1979); *United States. Bower*, 575 F.2d 499 (5th Cir.), cert. denied, 439 U.S. 983 (1978).

10. Such disclosure will in no way prejudice the government and will aid in defense in preparing for trial.

**WHEREFORE**, Defendant, Clint Addleman, respectfully moves for an ORDER from this Honorable Court compelling the Government to disclose the identity and contact information of all un-indicted co-conspirators and/or confidential informants as well as any and all prior testimony from the same.

Respectfully Submitted,

*/s/ Frank C. Walker II*
Frank C. Walker II

PA I.D. No. 94840
WV I.D. No. 11853

FrankWalkerLaw
3000 N. Lewis Run Road
Clairton, PA 15025
412.405.8556 Office
412.202.9193 Fax

Date:  July 1, 2025                             Counsel for Clint Addleman