UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CLINT ADDLEMAN,<br><br>Defendant. | Criminal No. 3:23-cr-14<br><br>Filed Electronically |

**MOTION FOR GOVERNMENT AGENTS AND LOCAL LAW ENFORCEMENT OFFICERS TO RETAIN ROUGH NOTES AND WRITINGS**

And now, comes the Defendant, Clint Addleman, by and through Counsel, Frank C. Walker II, Esquire, and FrankWalkerLaw, and files this Motion for Government Agents and Local Law Enforcement Officers to Retain Rough Notes and Writings, and in support thereof, avers the following:

1. Clint Addleman ("Mr. Addleman" hereinafter) was named in a superseding indictment at the above captioned Criminal Number, on or about August 20, 2024, for the following: **Count I** – On or about October 3, 2019, and continuing until on or about October 4, 2019, Mr. Addleman aided and abetted by Kris Joseph Nevling, did knowingly and unlawfully possess a firearm, namely a destructive device, which was not registered to either of them in the National Firearms Registration and Transfer Record, in violation of Title 26, U.S.C. § 5845(a)(8); **Count II** - On or about October 3, 2019, and continuing until on or about October 4, 2019, Mr. Addleman and Kris Joseph Nevling, did agree together with other persons known and unknown, to maliciously destroy property by means of an explosive and fire, contrary to the provisions of Title 18, U.S.C. § 844(i), in violation of Title 18, U.S.C. § 844(n); **Count III** – On or about October 4, 2019, Mr. Addleman did maliciously

damage and destroy, and cause to be damaged and destroyed, by means of an explosive and fire, a structure located at 327 East Market Street in Clearfield, Pennsylvania, which structure was used in interstate commerce and in activity affective interstate commerce, resulting in the death of S.L.C., whose death was the direct and proximate result of the conduct of Mr. Addleman, in violation of Title 18, U.S.C. § 844(i); and **Count IV** – From in and around January 2019, and continuing until in and around October 2019, Mr. Addleman did knowingly, intentionally, and unlawfully conspire with persons both known and unknown, to possess with the intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, contrary to the provisions of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(C), in violation of Title 21, U.S.C. § 846.

2. Mr. Addleman has entered a plea of NOT GUILTY.
3. Pursuant to *18 U.S.C. § 3500*, *Fed.R.Crim.P. 26.2*, and *Brady v. Maryland*, 373 U.S. 83 (1963), Mr. Addleman arguably has a right to have all United States agents, state and local law enforcement officers who investigate(d) the charges in this case, and any and all other involved law enforcement retain and preserve all rough notes and writings which are possibly relevant to Defendant, or which may be used for impeachment purposes (including materials to assist in cross examination pursuant to *Fed.R.E. 806*), and which notes and writings that were made part of the investigation, notwithstanding that the contents of said notes or writings may be incorporated in office records, reports, or memoranda.

4. The preservation of rough notes is particularly critical in cases concerning confidential informants or sources as the customs and practices dictate multiple detectives, agents or officers having contact with current and potential informants and sources while investigating other cases.

5. Upon information and belief, communication with these informants and sources can be in the format of traditional physical paper notes, text messages, cell phone calls, notes apps, voice notes, third party social apps, secure messaging apps like signal, whatsapp, viber, imessage, telegram and other encrypted apps where the messages may disappear upon review.

6. For purposes of the within motion, Counsel contends that the phrase "rough notes" should be interpreted broadly to include messages from the aforementioned apps, artificial intelligence (ai) programs, and similar apps, and screenshots of the messages prior to disappearing.

7. Counsel is mindful that the Court has limited jurisdiction over local state investigative agencies. *See United States v. Ramos*, 27 F.3d 65, 71-72 (3d Cir.1994) (municipal police officers not federal agents for purposes of rule requiring preservation of rough notes of interview); Fed. R. Crim. P. 1 ("attorney for the government" refers to Attorney General, U.S. Attorney, and their assistants, and attorneys authorized to act on behalf of territories); *18 U.S.C. § 6* (for purposes of Title 18, "agency" refers to department, independent establishment, etc., of the United States). *United States v. Harrison*, No. 2:23-cr-129 - 23, 2023 U.S. Dist. LEXIS 173908, at *6 (W.D. Pa. Sep. 28, 2023).

8. Nevertheless, counsel moves this Court for an ORDER directing the Government to preserve rough notes consistent with its obligations under *United States v. Ammar*, 714 F.2d 238 (3d Cir. 1983) and *United States v. Vella*, 562 F.2d 275, 276 (1977) (i.e., "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant [. . .]") and *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983) (i.e., "the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination whether they should be produced.").

**WHEREFORE**, Defendant, Clint Addleman, respectfully moves for an order from this Honorable Court requiring the United States agents, state and local law enforcement, and any other involved law enforcement officers to retain all rough notes and writings made during the investigation of this case.

Respectfully Submitted,

*/s/ Frank C. Walker II*
Frank C. Walker II

PA I.D. No. 94840
WV I.D. No. 11853

FrankWalkerLaw
3000 N. Lewis Run Road
Clairton, PA 15025
412.405.8556 Office
412.202.9193 Fax

Date:  July 1, 2025                                    Counsel for Clint Addleman