IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 3:23-cr-14 |
| KRIS JOSPEH NEVLING | |

<u>**JOINT PROPOSED JURY INSTRUCTIONS**</u>

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Maureen Sheehan-Balchon, Shaun E. Sweeney, and Samantha Stewart, Assistant United States Attorneys for said district, and the defendant, Kris Nevling, by and through his attorneys, Brian Aston and Adam Gorzelsky, respectfully submit these proposed joint Jury Instructions:

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

*/s/ Maureen Sheehan-Balchon*
MAUREEN SHEEHAN-BALCHON
Assistant United States Attorney
PA ID No. 78059

*/s/ Shaun E. Sweeney*
SHAUN E. SWEENEY
Assistant United States Attorney
PA ID No. 53568

*/s/ Samantha Stewart*
SAMANTHA STEWART
Assistant United States Attorney
PA ID No. 310068

*/s/ Brian Aston*
BRIAN ASTON, ESQUIRE
Counsel for Defendant

_/s/ Adam Gorzelsky_
ADAM GORZELSKY, ESQUIRE
Counsel for Defendant

**INSTRUCTIONS DURING TRIAL**

**2.02     Stipulated Testimony (if applicable)**

The parties have agreed what (*name of witness)*'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court by the witness.

*Source*: Third Circuit Model Criminal Jury Instruction 2.02

**The parties agree to this proposed instruction.**

**2.03    Stipulation of Fact (if applicable)**

The Government and the defendant have agreed that *(set forth stipulated fact(s)) (is)(are)* true.  You should therefore treat these facts as having been proved.  You are not required to do so, however, since you are the sole judge of the facts.

*Source*: Third Circuit Model Criminal Jury Instruction 2.03

**The parties agree to this proposed instruction.**

**2.04    Judicial Notice (F.R.E. 201)**

I have taken judicial notice of certain facts. (State the fact(s) that are being judicially noticed.) I believe (this fact is) (these facts are) [(of such common knowledge) (can be so accurately and readily determined from) (name accurate source)] that (it)(they) cannot reasonably be disputed. You may accept this fact as proven but are not required to do so. As with any fact, the final decision whether or not to accept it is for you to make, and you are not required to agree with me.

*Source*: Third Circuit Model Criminal Jury Instruction 2.04

**The parties agree to this proposed instruction.**

**2.07    Audio/Video Recordings - Transcripts**

You are about to hear audio recordings that were received in evidence, and you will be given written transcripts of the recordings. Keep in mind that the transcripts are not evidence. They are being given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you notice any differences between what you hear in the recordings and what you read in the transcripts, you must rely on what you hear, not what you read. And if you cannot hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

[*The transcripts name the speakers. But remember, you must decide who is actually speaking in the recording. The names on the transcript are used simply for your convenience.*]

*Source*: Third Circuit Model Criminal Jury Instruction 2.07

**The parties agree to this proposed instruction.**

**2.09    Opinion Evidence – Expert Witnesses**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

You will hear testimony from:

Dr. Harry Kamerow, Mount Nittany Medical Center, regarding the forensic pathology and autopsy report,

Retired ATF Special Agent Matt Regentin regarding the explosion and fire,

ATF Forensic Chemist Megan Kane regarding the chemical and physical analysts of fragments and debris from the explosion, and

ATF Destructive Device Examiner Billy Denham regarding the examination of the device.

Because of their knowledge, skill, experience, training, or education in their respective fields, these witnesses will be permitted to offer opinions in their respective fields and the reasons for those opinions.

The opinions these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors I will discuss in my final instructions for weighing the testimony of witnesses. You may disregard a witness' opinions entirely if you decide that that the opinion is not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

*Source*: Third Circuit Model Criminal Jury Instruction 2.09

**The parties agree to this proposed instruction.**

**2.10   Opinion Evidence (Lay Witnesses) (F.R.E. 701)**

Witnesses are not generally permitted to state their personal opinions about important questions in a trial. However, a witness may be allowed to testify to his or her opinion if it is rationally based on the witness's perception and is helpful to a clear understanding of the witness's testimony or to the determination of a fact in issue. In this case, I am permitting (name) to offer (his)(her) opinion based on (his)(her) perceptions. The opinion of this witness should receive whatever weight you think appropriate, given all the other evidence in the case and the other factors I will discuss in my final instructions for weighing and considering whether to believe the testimony of witnesses.

*Source*: Third Circuit Model Criminal Jury Instruction 2.10

**The parties agree to this proposed instruction.**

**2.16   Impeachment of Witness - Prior Inconsistent Statement for Credibility Only**

You have heard the testimony of (name). You have also heard that before this trial (he)(she) made a statement that may be different from (his)(her) testimony in this trial. It is up to you to determine whether this statement was made and whether it was different from (his)(her) testimony in this trial. This earlier statement was brought to your attention only to help you decide whether to believe (his)(her) testimony here at trial. You cannot use it as proof of the truth of what the witness said in the earlier statement. You can only use it as one way of evaluating (name)'s testimony in this trial.

[*You have also heard evidence that (this witness)(certain witnesses) made statements before this trial that were (describe requirement; e.g., made under oath, given before the grand jury). When a statement is (describe condition; made under oath, made before the grand jury), you may use it not only to help you decide whether you believe the witness's testimony in this trial but also as evidence of the truth of what the witness said in the earlier statement. But when a statement is (describe condition; e.g., not made under oath, not given before the grand jury), you may use it only to help you decide whether you believe the witness's testimony in this trial and not as proof of the truth of what the witness said in the earlier statement.*]

*Source*: Third Circuit Model Criminal Jury Instruction 2.16

**The parties agree to this proposed instruction.**

**2.18    Impeachment of Witness - Prior Bad Acts (F.R.E. 608(b))**

Alternative 1 (to be given if the witness admits the bad act): You have heard evidence that (name), a witness, committed (describe bad act inquired about during cross-examination). You may consider this evidence, along with other pertinent evidence, only in deciding whether to believe (name) and how much weight to give (his)(her) testimony.

Alternative 2 (to be given if the witness denies the bad act): You heard (name of lawyer) ask (name of witness) whether (he)(she) committed (describe bad act inquired about during cross-examination), and (he)(she) denied it. I remind you that questions by the lawyers are not evidence. It is the answer of the witness that provides evidence. There is therefore no evidence that (name of witness) committed (describe act).

*Source*: Third Circuit Model Criminal Jury Instruction 2.18

**The parties agree to this proposed instruction.**

**2.19    Impeachment of Witness - Prior Conviction (F.R.E. 609)**

You are about to hear evidence that (name) has previously been convicted of a crime (punishable by more than one year in jail) (involving dishonesty or false statement). You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe (name) and how much weight to give to (name)'s testimony.

*Source*: Third Circuit Model Criminal Jury Instruction 2.19

**The parties agree to this proposed instruction.**

**2.23  Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b))**

You have heard testimony that Kris Nevling (*summarize the other act evidence*). This evidence of other act(s) was admitted only for (a) limited purpose(s). You may only consider this evidence for the purpose of deciding whether the defendant (*describe the precise purpose for which the other act evidence was admitted: for example [Pick only those of the following, or other reasons, that apply]*, had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment; *or*

had a motive or the opportunity to commit the acts charged in the indictment; *or*

was preparing or planning to commit the acts charged in the indictment; or acted with a method of operation as evidenced by a unique pattern (*describe*); *or*

did not commit the acts for which the defendant is on trial by accident or mistake; *or*

is the person who committed the crime charged in the indictment.

You may consider this evidence to help you decide (describe how the evidence will be used to prove identity--e.g., whether the evidence that the defendant committed the burglary in which the gun that is the subject of this trial was stolen makes it more likely that the defendant was the person who placed the gun in the trunk of the car).

Do not consider this evidence for any other purpose. Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you. The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime(s) charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act, he must also have

committed the act(s) charged in the indictment. Remember that the defendant is on trial here only for allegedly unlawfully possessing an unregistered destructive device, and for conspiring to maliciously destroy the property described in the indictment by means of explosive. Do not return a guilty verdict unless the government proves the crime(s) charged in the indictment beyond a reasonable doubt.

*Source*: Third Circuit Model Criminal Jury Instruction 2.23

**The parties agree to this proposed instruction.**

**2.24 Impeachment of Defendant - Prior Bad Acts (F.R.E. 608(b))**

Alternative 1: You have heard evidence that Kris Nevling on a previous occasion committed (describe bad act elicited on cross-examination of defendant). You may consider that evidence only to help you decide whether to believe (name)'s testimony and how much weight to give it. That evidence does not mean that (name) committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case. [*This evidence may not be used in any way at all in connection with the other defendant(s)*].

Alternative 2 (to be given if the defendant denies the bad act): You heard the prosecutor ask (name) whether on a previous occasion he committed (describe bad act elicited on cross-examination of defendant). You also heard (name) deny committing that act. I remind you that questions by the lawyers are not evidence. It is the answer of the witness that provides evidence. There is therefore no evidence that (name of witness) committed (describe act).

*Source*: Third Circuit Model Criminal Jury Instruction 2.24

**The parties agree to this proposed instruction.**

**2.27    Prior Statement of Defendant - Single Defendant on Trial**

      The government has introduced evidence that Kris Nevling made a statement to law enforcement officers. You must decide whether Kris Nevling did in fact make the statement. If you find that Kris Nevling did make the statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning Kris Nevling himself and the circumstances under which the statement was made. [*If, after considering the evidence, you determine that a statement, was made voluntarily, you may give it such weight as you feel it deserves under the circumstances. On the other hand, if you determine that the statement was not made voluntarily, you must disregard it. In determining whether any alleged statement was made voluntarily, you should consider Kris Nevling's age, training, education, occupation, and physical and mental condition, and his treatment while in custody or under interrogation as shown by the evidence in the case. Also consider all other circumstances in evidence surrounding the making of the alleged statement.*]

*Source*: Third Circuit Model Criminal Jury Instruction 2.27

**The parties agree to this proposed instruction.**

**2.29 Photographs, Inflammatory**

Certain photographs were admitted in evidence for the purpose of helping you understand the testimony of witnesses as to the chronology of the events of October 4, 2019, and to understand the testimony by Dr. Harry Kamerow, regarding the forensic pathology and autopsy report, to illustrate his findings as to the cause and manner of death of the victim. These are not pleasant photographs to look at. You should not let it stir up your emotions to the prejudice of the defendant. Your verdict must be based on a rational and fair consideration of all the evidence and not on passion or prejudice against the defendant, the government, or anyone else connected with this case.

*Source*: Third Circuit Model Criminal Jury Instruction 2.29

**The parties agree to this proposed instruction.**

**2.37    Instructions Prior to Closing Arguments**

Members of the jury, you have heard and seen all the evidence in this case. The lawyers now have the opportunity to present their closing arguments.  Under the Rules of Criminal Procedure, the government will argue first, then the defense will present its closing argument, and finally the government may, if it chooses, argue in response or in rebuttal to the defense's argument.

Closing arguments are designed to present to you the parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence.  Remember, what is said in closing arguments is not evidence.  You have already heard and seen all the evidence in this case.

After the lawyers present their closing arguments, I will give you my final instructions concerning the law that you must apply to the evidence in reaching your verdict.  Although the lawyers may mention points of law in their closing arguments, the law that you must follow in reaching your verdict is the law that I will give you in my final instructions.  If there is any difference between what the lawyers say about the law and what I tell you in my final instructions, you must follow my instructions.

Source: Third Circuit Model Criminal Jury Instruction 2.37

**The parties agree to this proposed instruction.**

**FINAL INSTRUCTIONS: GENERAL**

**3.01    Role of Jury**

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial.  That is your job and yours alone.  I play no part in finding the facts.  You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts.  My role now is to explain to you the legal principles that must guide you in your decisions.  You must apply my instructions carefully.  Each of the instructions is important, and you must apply all of them.  You must not substitute or follow your own notion or opinion about what the law is or ought to be.  You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate

with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

*Source*: Third Circuit Model Criminal Jury Instruction 3.01

**The parties agree to this proposed instruction.**

**3.02    Evidence**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence, testimony, or exhibits for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered, or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

*Source*: Third Circuit Model Criminal Jury Instruction 3.02

**The parties agree to this proposed instruction.**

**3.03     Direct and Circumstantial Evidence**

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial or indirect evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

*Source*: Third Circuit Model Criminal Jury Instruction 3.03

**The parties agree to this proposed instruction.**

**3.04 Credibility of Witnesses**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Was the witness truthful?  Was the witness' testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.   In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) How believable the witness' testimony was when considered with other evidence that you believe; and

26

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

*Source*: Third Circuit Model Criminal Jury Instruction 3.04

**The parties agree to this proposed instruction.**

**3.05    Not All Evidence, Not All Witnesses Needed**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.  In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

*Source*: Third Circuit Model Criminal Jury Instruction 3.05

**The parties agree to this proposed instruction.**

**3.06     Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendant, Kris Nevling, pleaded not guilty to the offenses charged.  Kris Nevling is presumed to be innocent.  He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with Kris Nevling unless and until the government has presented evidence that overcomes that presumption by convincing you that Kris Nevling is guilty of the offenses charged beyond a reasonable doubt.  The presumption of innocence requires that you find Kris Nevling not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Kris Nevling has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the government to prove that Kris Nevling is guilty, and this burden stays with the government throughout the trial.

In order for you to find Kris Nevling guilty of the offenses charged, the government must convince you that Kris Nevling is guilty beyond a reasonable doubt.  That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

*Source*: Third Circuit Model Criminal Jury Instruction 3.06

**The parties agree to this proposed instruction.**

**3.07     Nature of the Indictment**

As you know, the defendant Kris Nevling is charged in the indictment with violating federal law, specifically at Count One with possession of an unregistered firearm/destructive device, and at Count Two with conspiracy to maliciously destroy property by explosive or fire. As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that Kris Nevling has been indicted in making your decision in this case.

*Source*: Third Circuit Model Criminal Jury Instruction 3.07

**The parties agree to this proposed instruction.**

**3.08    On or About**

You will note that the indictment charges that the offense was committed "in and around" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

*Source*: Third Circuit Model Criminal Jury Instruction 3.08

**The parties agree to this proposed instruction.**

**3.10     Elements of the Offense(s) Charged**

Kris Nevling is charged in the indictment with committing the offense of possession of an unregistered firearm/destructive device. This offense has five essential elements, which are:

First: That Kris Nevling knowingly possessed a firearm;

Second: That this firearm was a destructive device, which is defined to include a bomb;

Third: That Kris Nevling knew of the characteristics of the firearm, that is, that it was a bomb;

Fourth: That this destructive device was (could readily have been put) in operating condition; and

Fifth: That this destructive device was not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter whether Kris Nevling knew that the destructive device was not registered or had to be registered. The evidence in this case contains a certificate showing that after diligent search of the National Firearms Registration and Transfer Record, no record was found that the destructive device which the government claims was involved in this case was registered to Kris Nevling.

Aiding and Abetting.  The elements are:

First:  That each of the elements of the offense charged was committed by a person;

Second:  That Kris Nevling knew that the offense charged was going to be committed by that person;

Third:  That Kris Nevling knowingly did some act for the purpose of aiding, assisting, soliciting, facilitating or encouraging that person in committing the specific offense charged with the intent that the person commit that offense;

Fourth:  That Kris Nevling performed an act in furtherance of the offense charged.

Kris Nevling is also charged with committing the offense of conspiracy to maliciously destroy property by explosive or fire. The elements of that offense are:

First: That two or more persons agreed to commit an offense against the United States as charged in the indictment;

Second: That Kris Nevling was a party to or member of the agreement with Clint Addleman and others; and

Third: That Kris Nelving joined the agreement or conspiracy knowing of its objective to maliciously destroy property by explosive or fire and intending to join together with at least one other alleged conspirator to achieve that that objective; that is, that Kris Nevling and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that those objectives.

Fourth: That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

*Additionally, there is a special interrogatory as part of your verdict sheet that you will be asked to decide, if you find Kris Nevling guilty of conspiracy to maliciously damage or destroy by means of an explosive or fire, a building and property used in interstate commerce and activities affecting interstate commerce. This special interrogatory asks you to determine if the government has proven beyond a reasonable doubt that a person was killed as a direct and proximate cause of the explosion. If you determine the government has proved this beyond a reasonable doubt, you should select "yes." If you determine the government has not proved this beyond a reasonable doubt, you should select "no."*

In order to find Kris Nevling guilty of these offenses, you must all find that the government proved each of these elements beyond a reasonable doubt, as I will explain in more detail shortly.

*Source*: Third Circuit Model Criminal Jury Instruction 3.10

**The parties agree to this proposed instruction.**

**3.12   Separate Consideration – Single Defendant Charged with Multiple Offenses**

Kris Nevling is charged with two offenses; each offense is charged in a separate count of the indictment. The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense. Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

*Source*: Third Circuit Model Criminal Jury Instruction 3.12

**The parties agree to this proposed instruction.**

**3.16    Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court**

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged.  Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First:  The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court.  He or she will also preside over your discussions.  However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second:  I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous.  To find Kris Nevling guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt.  To find Kris Nevling not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third:  If you decide that the government has proved Kris Nevling guilty, then it will be my responsibility to decide what the appropriate punishment should be.  You should never consider the possible punishment in reaching your verdict.

Fourth:  As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth:  Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to

reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Sixth: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.

I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.

One more thing about messages. Do not ever write down or tell anyone how you or anyone else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.

*Source*: Third Circuit Model Criminal Jury Instruction 3.16

**The parties agree to this proposed instruction.**

**3.17    Verdict Form and Special Interrogatory**

A verdict form has been prepared that you should use to record your verdict. Take this form with you to the jury room. When you have reached your unanimous verdict, the foreperson should write the verdict on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me. If you decide that the government has proved the defendant guilty of the offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the defendant guilty of the offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

If you find Kris Nevling guilty of the offense charged in Count Two, you must answer a question, called the jury interrogatory, to decide whether the offense caused certain harms. If you find that the government has not proved Kris Nevling guilty of the offense charged in Count Two, then you do not need to answer the interrogatory. In answering the interrogatory, as in deciding your verdict, you must be unanimous, and in order to find that the offense caused certain harms, you must be satisfied that the government proved such causation that conduct beyond a reasonable doubt.

*Source*: Third Circuit Model Criminal Jury Instruction, No. 3.17 (2024) (modified)

**The parties agree to this proposed instruction.**

**FINAL INSTRUCTIONS: CONSIDERATION OF PARTICULAR KINDS OF EVIDENCE**

**4.01 Stipulated Testimony**

The parties have agreed what (name of witness)'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court by the witness.

*Source*: Third Circuit Model Criminal Jury Instruction 4.01

**The parties agree to this proposed instruction.**

**4.02 Stipulation of Fact**

The Government and the defendant(s) have agreed that (set forth stipulated fact(s)) (is)(are) true. You should therefore treat (this fact) (these facts) as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

*Source*: Third Circuit Model Criminal Jury Instruction 4.02

**The parties agree to this proposed instruction.**

**4.03 Judicial Notice (F.R.E. 201)**

I have taken judicial notice of certain facts. (State the fact(s) that are being judicially noticed.) I believe (this fact is) (these facts are) (of such common knowledge) (can be so accurately and readily determined from (name accurate source)) that it cannot reasonably be disputed. You may accept this fact as proven but are not required to do so. As with any fact the final decision whether or not to accept it is for you to make and you are not required to agree with me.

*Source*: Third Circuit Model Criminal Jury Instruction 4.03

**The parties agree to this proposed instruction.**

**4.06 Audio/Video Recordings - Transcripts**

You have heard audio recordings that were received in evidence, and you were given written transcripts of the recordings. Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

[*The transcripts name the speakers. But remember, you must decide who you actually heard speaking in the recording. The names on the transcript were used simply for your convenience*.]

*Source*: Third Circuit Model Criminal Jury Instruction 4.06

**The parties agree to this proposed instruction.**

**4.08 Opinion Evidence (Expert Witnesses)**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules. In this case, you heard testimony from:

Dr. Harry Kamerow, Mount Nittany Medical Center, regarding the forensic pathology and autopsy report,

Retired ATF Special Agent Matt Regentin regarding the explosion and fire,

ATF Forensic Chemist Megan Kane regarding the chemical and physical analysts of fragments and debris from the explosion, and

ATF Destructive Device Examiner Billy Denham regarding the examination of the device.

Because of their knowledge, skill, experience, training, or education in their respective fields, these witnesses will be permitted to offer opinions in their respective fields and the reasons for those opinions.

The opinions these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors I will discuss in my final instructions for weighing the testimony of witnesses. You may disregard a witness' opinions entirely if you decide that that the opinion is not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

*Source*: Third Circuit Model Criminal Jury Instruction 4.08

**The parties agree to this proposed instruction.**

**4.09 Opinion Evidence (Lay Witnesses) (F.R.E. 701)**

Witnesses are not generally permitted to state their personal opinions about important questions in a trial. However, a witness may be allowed to testify to his or her opinion if it is rationally based on the witness's perception and is helpful to a clear understanding of the witness's testimony or to the determination of a fact in issue. In this case, I permitted (name) to offer (his)(her) opinion based on (his)(her) perceptions. The opinion of this witness should receive whatever weight you think appropriate, given all the other evidence in the case and the other factors discussed in these instructions for weighing and considering whether to believe the testimony of witnesses.

*Source*: Third Circuit Model Criminal Jury Instruction 4.09

**The parties agree to this proposed instruction.**

**4.10 Summaries - Underlying Evidence Admitted**

(The parties) (The government) (The defendant) presented certain (charts) (summaries) in order to help explain the facts disclosed by the (describe the admitted evidence that provided the basis for the summaries, e.g., books, records, documents) which were admitted as evidence in the case. The (charts) (summaries) are not themselves evidence or proof of any facts. If the (charts) (summaries) do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.

*Source*: Third Circuit Model Criminal Jury Instruction 4.10

**The parties agree to this proposed instruction.**

**4.11    Summaries – Underlying Evidence Not Admitted (F.R.E. 1006) (if applicable)**

Certain summaries offered by the government were admitted as evidence. You may use those summaries as evidence, even though the underlying documents and records have not been admitted into evidence.

*Source*: Third Circuit Model Criminal Jury Instruction 4.11

**The parties agree to this proposed instruction.**

**4.14    Specific Investigation Techniques Not Required (if applicable)**

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques such as (*describe techniques, e.g., fingerprints*).  You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether Kris Nevling is guilty.  However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case. There is no requirement to attempt to (*describe techniques, e.g., fingerprints*).

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the Kris Nevling's guilt beyond a reasonable doubt.


*Source*: Third Circuit Model Criminal Jury Instruction 4.14

**The parties agree to this proposed instruction.**

**4.15  Eyewitness Identification of the Defendant**

One of the (most important) issues in this case is whether Kris Nevling is the same person who committed the crimes charged in Counts One and Two the indictment. The government, as I have explained, has the burden of proving every element, including identity, beyond a reasonable doubt. Although it is not essential that a witness testifying about the identification (himself) (herself) be free from doubt as to the accuracy or correctness of the identification, you must be satisfied beyond a reasonable doubt based on all the evidence in the case that Kris Nevling is the person who committed the crimes charged. If you are not convinced beyond a reasonable doubt that Kris Nevling is the person who committed the crimes charged in Counts One and Two the indictment, you must find Kris Nevling not guilty.

Identification testimony is, in essence, the expression of an opinion or belief by the witness. The value of the identification depends on the witness's opportunity to observe the person who committed the crime at the time of the offense and the witness's ability to make a reliable identification at a later time based on those observations. You must decide whether you believe the witness's testimony and whether you find beyond a reasonable doubt that the identification is correct. You should evaluate the testimony of a witness who makes an identification in the same manner as you would any other witness. In addition, as you evaluate a witness's identification testimony you should consider the following questions as well as any other questions you believe are important (*include only those called for by the facts of the case*): (First), you should ask whether the witness was able to observe and had an adequate opportunity to observe the person who committed the crime charged. Many factors affect whether a witness has an adequate opportunity to observe the person committing the crime; the factors include the length of time during which the witness observed the person, the distance between the witness and the person, the lighting conditions, how closely the witness was paying attention to the person, whether the witness was

under stress while observing the person who committed the crime, whether the witness knew the person from some prior experience, whether the witness and the person committing the crime were of different races, and any other factors you regard as important. (Second), Even if the witness's identification testimony is positive and unqualified, you should ask whether the witness's certainty is well-founded.  If after examining all of the evidence, you have a reasonable doubt as to whether Kris Nevling is the individual who committed the crimes charged, you must find Kris Nevling not guilty.

*Source*: Third Circuit Model Criminal Jury Instruction 4.15

**The parties agree to this proposed instruction.**

**4.18    Credibility of Witnesses – Law Enforcement Officer**

You have heard the testimony of law enforcement officers.  The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.  You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.


*Source*: Third Circuit Model Criminal Jury Instruction 4.18

**The parties agree to this proposed instruction.**

**4.19 Credibility of Witnesses - Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses**

You have heard evidence that (name of witness) [Include as many of the following that apply: is an alleged (accomplice) (co-conspirator), someone who says (he) (she) participated in the crime charged; or has made a plea agreement with the government; or has received a promise from the government that (he) (she) will not be prosecuted; or has received a promise from the government that (his) (her) testimony will not be used against (him) (her) in a criminal case; or received a benefit from the government in exchange for testifying.] (His) (Her) testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has (describe the witness's situation, e.g., reached a plea bargain with the government, received a benefit from the government) in exchange for (his) (her) testimony, but you should consider the testimony of (name of witness) with great care and caution. In evaluating (name of witness)'s testimony, you should consider this factor along with the others I have called to your attention. Whether or not (his) (her) testimony may have been influenced by the (plea agreement) (government's promise) (alleged involvement in the crime charged) is for you to determine. You may give (his) (her) testimony such weight as you think it deserves.

[*You must not consider (name of witness)'s guilty plea as any evidence of (name of defendant)'s guilt. (His)(her) decision to plead guilty was a personal decision about (his)(her) own guilt. Such evidence is offered only to allow you to assess the credibility of the witness; to eliminate any concern that (the defendant) (any of the defendants) has been singled out for prosecution; and to explain how the witness came to possess detailed first-hand knowledge of the events about which (he)(she) testified. You may consider (name of witness)'s guilty plea only for these purposes.*]

*Source*: Third Circuit Model Criminal Jury Instruction 4.19

**The parties agree to this proposed instruction.**

**4.20 Credibility of Witnesses - Testimony of Informer**

You have heard evidence that (name of witness) has an arrangement with the government under which (he) (she) (gets paid) (receives) (describe benefit) for providing information to the government. (Name of witness)'s testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who (gets paid) (receives) (describe benefit) for providing information to the government, but you should consider the testimony of (name of witness) with great care and caution. In evaluating (name of witness)'s testimony, you should consider this factor along with the others I have called to your attention. You may give the testimony such weight as you think it deserves. It is for you to determine whether or not (name of witness)'s information or testimony may have been influenced by (his) (her) arrangement with the government.

*Source*: Third Circuit Model Criminal Jury Instruction 4.20

**The parties agree to this proposed instruction.**

**4.21 Credibility of Witnesses - Testimony of Addict or Substance Abuser**

Evidence was introduced during the trial that (name of witness) [(was (using drugs) (addicted to drugs) (abusing alcohol) when the events took place) (was abusing (drugs) (alcohol) at the time of trial)]. There is nothing improper about calling such a witness to testify about events within (his) (her) personal knowledge.

On the other hand, (his) (her) testimony must be considered with care and caution. The testimony of a witness who (describe circumstances) may be less believable because of the effect the (drugs) (alcohol) may have on (his) (her) ability to perceive, remember, or relate the events in question.

After considering (his) (her) testimony in light of all the evidence in this case, you may give it whatever weight, if any, you find it deserves.

*Source*: Third Circuit Model Criminal Jury Instruction 4.21

**The parties agree to this proposed instruction.**

**4.24 Impeachment of Witness - Prior Bad Acts (F.R.E. 608(b))**

You heard evidence that (name), a witness, committed (describe bad act inquired about during cross-examination). You may consider this evidence, along with other pertinent evidence, only in deciding whether to believe (name) and how much weight to give (his) (her) testimony.

*Source*: Third Circuit Model Criminal Jury Instruction 4.24

**The parties agree to this proposed instruction.**

**4.25  Impeachment of Witness - Prior Conviction (F.R.E. 609)**

You heard evidence that (name), a witness, was previously convicted of a crime (punishable by more than one year in jail) (involving dishonesty or false statement). You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe (name) and how much weight to give to (name)'s testimony.

*Source*: Third Circuit Model Criminal Jury Instruction 4.25

**The parties agree to this proposed instruction.**

**4.26     False in One, False in All (*Falsus in Uno, Falsus in Omnibus*)**

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness's testimony concerning other matters. You may reject all of the testimony, or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

*Source*: Third Circuit Model Criminal Jury Instruction 4.26

**The parties agree to this proposed instruction.**

**4.27    Defendant's Choice not to Testify or Present Evidence (if applicable)**

Kris Nelving did not testify in this case.  A defendant has an absolute constitutional right not to testify. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that Kris Nevling did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that Kris Nevling did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

*Source*: Third Circuit Model Criminal Jury Instruction 4.27

**The parties agree to this proposed instruction.**

**4.28   Defendant's Testimony (if applicable)**

In a criminal case, the defendant has a constitutional right not to testify.  However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, Kris Nevling testified.  You should examine and evaluate his testimony just as you would the testimony of any witness.

*Source:* Third Circuit Model Criminal Jury Instruction 4.28

**The parties agree to this proposed instruction.**

**4.29    Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b))**

You have heard testimony from several witnesses that Kris Nevling was using methamphetamine at or around the times that these offenses were allegedly committed. This evidence of other acts was admitted only for limited purposes. You may consider this evidence only for the purpose of deciding whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment; or had a motive to commit the acts charged in the indictment; or is the person who committed the crimes charged in the indictment.

You may consider this evidence to help you decide whether the evidence that the defendant engaged in these prior acts makes it more likely that he committed the charged offenses. Do not consider this evidence for any other purpose. Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you. The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed other acts, he must also have committed the acts charged in the indictment. Remember that the defendant is on trial here only for allegedly unlawfully possessing an unregistered destructive device, and for conspiring to maliciously destroy the property described in the indictment by means of explosive. Do not return a guilty verdict as to any charge unless the government proves the crime charged in the indictment beyond a reasonable doubt.

*Source*: Third Circuit Model Criminal Jury Instruction 4.29 (2024)

**The parties agree to this proposed instruction.**

63

**4.31 Consciousness of Guilt (False Exculpatory Statements)**

You have heard testimony that Kris Nevling made certain statements outside the courtroom to law enforcement authorities in which he claimed that his conduct was consistent with innocence and not with guilt. The government claims that these statements are false. If you find that Kris Nevling made a false statement in order to direct the attention of the law enforcement officers away from himself, you may but are not required to conclude that Kris Nevling believed that he was guilty. It is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence. You may not, however, conclude on the basis of this alone, that Kris Nevling is, in fact, guilty of the crime for which he is charged.

You must decide whether or not the evidence as to Kris Nevling shows that he believed that he was guilty, and the significance, if any, to be attached to this evidence. In your evaluation, you may consider that there may be reasons - fully consistent with innocence - that could cause a person to give a false statement that he did not commit a crime. Fear of law enforcement, reluctance to become involved, or simple mistake may cause an innocent person to give such a statement or explanation.

*Source*: Third Circuit Model Criminal Jury Instruction 4.31

**The parties agree to this proposed instruction.**

**4.32 Prior Statement of Defendant - Single Defendant on Trial**

The government introduced evidence that the Kris Nevling made a statement to law enforcement officers. You must decide whether Kris Nevling did in fact make the statement. If you find that Kris Nevling did make the statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning Kris Nevling himself and the circumstances under which the statement was made. [*If, after considering the evidence, you determine that a statement, was made voluntarily, you may give it such weight as you feel it deserves under the circumstances. On the other hand, if you determine that the statement was not made voluntarily, you must disregard it. In determining whether any alleged statement was made voluntarily, you should consider (name of defendant)'s age, training, education, occupation, and physical and mental condition, and (his)(her) treatment while in custody or under interrogation as shown by the evidence in the case. Also consider all other circumstances in evidence surrounding the making of the alleged statement.]*

*Source*: Third Circuit Model Criminal Jury Instruction 4.32

**The parties agree to this proposed instruction.**

**4.35 Impeachment of Defendant - Prior Bad Acts (F.R.E. 608(b))**

You heard evidence that Kris Nevling on a previous occasion committed (describe bad act elicited on cross-examination of defendant). You may consider that evidence only to help you decide whether to believe Kris Nevling's testimony and how much weight to give it. That evidence does not mean that Kris Nevling committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.

*Source*: Third Circuit Model Criminal Jury Instruction 4.35

**The parties agree to this proposed instruction.**

**4.39    Defendant's Character Evidence (if applicable)**

You have heard (reputation)(opinion)(reputation and opinion) evidence about whether the defendant has a character trait for (name trait, such as truthfulness, peacefulness, honesty, being a law-abiding citizen, etc.).

You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the government has proved the charges beyond a reasonable doubt.

*Source*: Third Circuit Model Criminal Jury Instruction 4.39

**The parties agree to this proposed instruction.**

**FINAL INSTRUCTIONS: CONSIDERATION OF MENTAL STATE**

**5.01 Proof of Required State of Mind – Intentionally, Knowingly, Willfully**

Often the state of mind [*intent, knowledge, willfulness, or recklessness*] with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, Kris Nevling's state of mind can be proved indirectly from the surrounding circumstances. Thus, to determine Kris Nevling's state of mind (what Kris Nevling intended or knew) at a particular time, you may consider evidence about what Kris Nevling said, what Kris Nevling did and failed to do, how Kris Nevling acted, and all the other facts and circumstances shown by the evidence that may prove what was in Kris Nevling's mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about Kris Nevling's state of mind. You may also consider the natural and probable results or consequences of any acts Kris Nevling knowingly did, and whether it is reasonable to conclude that Kris Nevling intended those results or consequences. You may find, but you are not required to find, that Kris Nevling knew and intended the natural and probable consequences or results of acts he knowingly did. This means that if you find that an ordinary person in Kris Nevling's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that Kris Nevling did know and did intend that those consequences would result from his actions. This is entirely up to you to decide as the finders of the facts in this case.

*Source*: Third Circuit Model Criminal Jury Instruction 5.01

**The parties agree to this proposed instruction.**

**5.02 Knowingly**

The offenses of possession of an unregistered firearm/destructive device and conspiracy to maliciously destroy property by explosive or fire charged in the indictment require that the government prove that Kris Nevling acted "knowingly" ["with knowledge"] with respect to a certain elements of the offenses. A person acts "knowingly" if that person acts voluntarily and intentionally and not because of mistake or accident or other innocent reason. This means that the government must prove beyond a reasonable doubt that Kris Nevling was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged. In deciding whether Kris Nevling acted "knowingly" ["with knowledge"], you may consider evidence about what Kris Nevling said, what Kris Nevling did and failed to do, how Kris Nevling acted, and all the other facts and circumstances shown by the evidence that may prove what was in Kris Nevling's mind at that time. [*The government is not required to prove that Kris Nevling knew his acts were against the law.*]

*Source*: Third Circuit Model Criminal Jury Instruction 5.02

**The parties agree to this proposed instruction.**

**5.03 Intentionally**

 The offense of conspiracy to maliciously destroy property by explosive or fire charged in the indictment requires that the government prove that Kris Nevling acted "intentionally" ["with intent"] with respect to an (certain) element(s) of the offense(s). This means that the government must prove beyond a reasonable doubt either that (1) it was Kris Nevling's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) Kris Nevling knew that he was acting in that way or would be practically certain to cause that result. In deciding whether Kris Nevling acted "intentionally" ["with intent"], you may consider evidence about what Kris Nevling said, what Kris Nevling did and failed to do, how Kris Nevling acted, and all the other facts and circumstances shown by the evidence that may prove what was in Kris Nevling's mind at that time.

*Source*: Third Circuit Model Criminal Jury Instruction 5.03

**The parties agree to this proposed instruction.**

**5.04 Motive Explained**

Motive is not an element of the offense with which Kris Nevling is charged. Proof of bad motive is not required to convict. Further, proof of bad motive alone does not establish that Kris Nevling is guilty, and proof of good motive alone does not establish that Kris Nevling is not guilty. Evidence of Kris Nevling's motive may, however, help you find Kris Nevling's intent. Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done. Personal advancement and financial gain, for example, are motives for much of human conduct. However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

*Source*: Third Circuit Model Criminal Jury Instruction 5.04

**The parties agree to this proposed instruction.**

**FINAL INSTRUCTIONS: ELEMENTS OF OFFENSES**

**Indictment: Use of Conjunctive "And"**

Before I discuss elements of the offenses charged in the Indictment, I want to instruct you in the meaning of the word "and" when it is used in statutes or indictments.

Where a statute specifies several alternative ways in which an offense may be committed, the indictment may allege the several ways in the conjunctive, that is, by using the word "and."  If only one of those alternatives is proved beyond a reasonable doubt, that is sufficient for conviction.

See *United States v. Niederberger*, 580 F.2d 63, 67-68 (3d Cir. 1978).

**The parties agree to this proposed instruction.**

**6.26.5861**  **Count One: possession of an unregistered firearm/destructive device (26 U.S.C. § 5861(d), 18 U.S.C. § 2)**

Count One of the indictment charges that from on or about October 3, 2019, and continuing until on or about October 4, 2019, in the Western District of Pennsylvania and elsewhere, the defendant, Kris Nevling knowingly and unlawfully possessed a firearm, as defined in Title 26, United States Code, Section 5845(a), namely a destructive device, as defined in Title 26, United States Code, Section 5845(a)(8), which was not registered in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d), and Title 18, United States Code, Section 2.

In order to find Kris Nevling guilty of the offense charged in the indictment, you must find that the government proved each of the following four (4) elements beyond a reasonable doubt.

First: That Kris Nevling knowingly possessed a firearm;

Second: That this firearm was a destructive device, which is defined to include a bomb;

Third: That Kris Nevling knew of the characteristics of the firearm, that is, that it was a bomb;

Fourth: That this destructive device was (could readily have been put) in operating condition; and

Fifth: That this destructive device was not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter whether Kris Nevling knew that the destructive device was not registered or had to be registered. The evidence in this case contains a certificate showing that after diligent search of the National Firearms Registration and Transfer Record, no record was found that the destructive device which the government claims was involved in this case was registered to Kris Nevling.

From such evidence you may, but do not need to, find that the government has sustained its burden of proving beyond a reasonable doubt the nonregistration of the firearm, namely the destructive device involved in this case.

*Source:* Third Circuit Model Criminal Jury Instruction 6.26.5861

**The parties agree to this proposed instruction.**

**6.18.371A  Count Two: conspiracy to maliciously destroy property by explosive or fire  (18 U.S.C. § 844(n))- Nature of the Charges and the Statute**

Count Two of the indictment charges that from in and around early October 2019, and continuing until on or about October 4, 2019, in the Western District of Pennsylvania and elsewhere, the defendant, Kris Nevling <u>agreed or</u> conspired with Clint Addleman or other persons to commit an offense against the United States, namely to maliciously destroy by means of an explosive, a building used in interstate commerce and in activities affecting interstate commerce, in violation of Title 18, United States Code, Section 844(i), and that, to further the objective of the conspiracy, at least one member of the conspiracy committed at least one overt act, as alleged in the indictment

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective.  A conspiracy is a kind of criminal partnership. In connection with Count Two - conspiracy to maliciously destroy property by explosive or fire, Section 844 of Title 18 of the United States Code provides, in part, that:

> (n) Except as otherwise provided in this section, a person who conspires to
>
> commit any offense defined in this chapter shall be subject to the same penalties
>
> (other than the penalty of death) as the penalties prescribed for the offense the
>
> commission of which was the object of the conspiracy.

Thus, it is a federal crime for anyone to conspire to commit a crime under Section 844.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.371A and 18 U.S.C. § 844(n)

**The parties agree to this proposed instruction.**

**6.18.371A  <u>Count Two</u>: conspiracy to maliciously destroy property by explosive or fire  (18 U.S.C. § 844(n))- Elements of the Offense Charged**

In order for you to find Kris Nevling guilty of conspiracy to maliciously destroy property by explosive or fire, you must find that the government proved beyond a reasonable doubt each of the following four (4) elements:

First: That two or more persons agreed to commit an offense against the United States as charged in the indictment;

Second: That Kris Nevling was a party to or member of the agreement with Clint Addleman and others; and

Third: That Kris Nelving joined the agreement or conspiracy knowing of its objective to maliciously destroy property by explosive or fire and intending to join together with at least one other alleged conspirator to achieve that that objective; that is, that Kris Nevling and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that those objectives.

Fourth: That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

*Additionally, there is a special interrogatory as part of your verdict sheet that you will be asked to decide, if you find the defendant guilty of conspiracy to maliciously damage or destroy by means of an explosive or fire, a building and property used in interstate commerce and activities affecting interstate commerce. This special interrogatory asks you to determine if the government has proven beyond a reasonable doubt that a person was killed as a direct and proximate cause of the explosion. If you determine the government has proved this beyond a reasonable doubt, you should select "yes." If you determine the government has not proved this beyond a reasonable doubt, you should select "no."*

I will explain these elements in more detail.

*Source:* Third Circuit Model Criminal Jury Instruction, No. 6.18.371A (2021) and Jury Instruction from *United States v. Khalil*, 2:23-cv-157 (E.D. Pa.)(Rufe, J.)(Doc No. 149).

**The parties agree to this proposed instruction.**

**6.18.371C          Conspiracy – Existence of an Agreement**

The first element of the crime of conspiracy is the existence of an agreement.  The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to commit the offense of malicious damage and destruction of a building used in interstate commerce by means of an explosive device.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding.  The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective*(s)*, or agreed to all the details, or agreed to what the means were by which the objective*(s)* would be accomplished.  The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known.  What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed.  You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.371C

**The parties agree to this proposed instruction.**

**6.18.371D     Conspiracy – Membership in the Agreement**

If you find that a criminal agreement or conspiracy existed, then in order to find Kris Nevling guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that Kris Nevling knowingly and intentionally joined that agreement or conspiracy during its existence.  The government must prove beyond a reasonable doubt that Kris Nevling knew the goals or objectives of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goals or objective and to work together with the other alleged conspirators toward those goals or objectives.

The government need not prove that Kris Nevling knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning.  The government also does not have to prove that Kris Nevling played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether Kris Nevling joined the conspiracy, knew of its criminal objectives, and intended to further the objectives.  Evidence which shows that Kris Nevling only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that Kris Nevling was a member of the conspiracy even if Kris Nevling approved of what was happening or did not object to it.  Likewise, evidence showing that Kris Nevling may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy. You may however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that Kris Nevling joined the conspiracy.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.371D

**The parties agree to this proposed instruction.**

**6.18.371E         Conspiracy – Mental States**

In order to find Kris Nevling guilty of conspiracy you must find that the government proved beyond a reasonable doubt that Kris Nevling joined the conspiracy knowing of its objectives and intending to help further or achieve those objectives.  That is, the government must prove **beyond a reasonable doubt**: (1) that Kris Nevling knew of the objectives or goals of the conspiracy, (2) that Kris Nevling joined the conspiracy intending to help further or achieve those goals or objectives, and (3) that Kris Nevling and at least one other alleged conspirator shared a unity of purpose toward those objectives or goals.

You may consider both direct evidence and circumstantial evidence, including Kris Nevling's words or conduct and other facts and circumstances, in deciding whether Kris Nevling had the required knowledge and intent.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.371E (2021)

**The parties agree to this proposed instruction.**

**6.18.371F        Conspiracy – Overt Acts**

With regard to the fourth element of conspiracy – overt acts – the government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one of the overt acts described in the indictment, for the purpose of furthering or helping to achieve the objective of the conspiracy.

The indictment alleges certain overt acts.  The government does not have to prove that all of these acts were committed or that any of these acts were themselves illegal.  Also, the government does not have to prove that Kris Nevling personally committed any of the overt acts.  The government must prove beyond a reasonable doubt that at least one member of the conspiracy committed at least one of the overt acts alleged in the indictment and committed it during the time that the conspiracy existed, for the purpose of furthering or helping to achieve the objective of the conspiracy.  You must unanimously agree on the overt act that was committed.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.371F (2021)

**The parties agree to this proposed instruction.**

**6.18.371K        Conspiracy – Acts and Statements of Co-Conspirators**

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of Kris Nevling's, did or said certain things.  The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against Kris Nevling any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy.  You may consider these acts and statements even if they were done and made in Kris Nevling's absence and without his knowledge.  As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

*Source:* Third Circuit Model Criminal Jury Instruction 6.18.371K (2021)

**The parties agree to this proposed instruction.**

## Definitions of "Maliciously" and "Direct and Proximate Result"

Kris Nevling is charged with conspiring to maliciously destroy property by means of an explosive or fire. "Maliciously" means that Kris Nevling acted either intentionally or with willful disregard of the likelihood that damage or destruction would result, and not mistakenly or carelessly. Kris Nevling and other members of the conspiracy need not have intended to injure or kill anyone.

As I have stated, your verdict sheet contains an interrogatory asking if death to a victim the direct and proximate result of the explosion. Your verdict sheet contains an interrogatory asking if death to a victim was the direct and proximate result of the malicious damage or destruction of property by means of an explosive device.

Direct result means that the injury and/or death would not have occurred without the defendants' conduct. Proximate result means that the injury and/or death were a reasonably foreseeable result of the defendants' conduct, that the injuries and/or death could have been expected to follow as a natural consequence of the defendants' offenses, and that the injuries and/or death resulted from the defendants' offenses in a real and meaningful way. You do not have to find that the defendants intended to kill or injure anyone.

*Source:* Pattern Criminal Jury Instructions, 5th Circuit 2.37B (2024) (modified); *United States v. Gonzalez*, 905 F.3d 165, 189 (3d Cir. 2018) (defining "direct result"); Jury Instruction from *United States v. Khalil*, 2:23-cv-157 (E.D. Pa.)(Rufe, J.)(Doc No. 149).

**The parties agree to this proposed instruction.**

## Definition of "Property Used in or Affecting Interstate Commerce"

The conspiracy Kris Nevling is charged with requires that the government must prove beyond a reasonable doubt that the property which was damaged or destroyed was property used in interstate commerce or in an activity affecting interstate commerce. "Interstate commerce" means commerce which affects more than one state. It includes commercial activity between any place in one state and another place outside that state. It also includes commercial activity wholly within one state but which has a substantial effect on commerce between or among the states. For example, if the property was used for the sale of merchandise, including food or drink, which had moved in interstate commerce, it would be used in interstate commerce.

A piece of property is "used in an activity affecting interstate commerce" if the property is actively employed for commercial purpose, and that active employment has an effect on interstate commerce. The defendant or another member of the conspiracy need not have been aware that the property was used in an activity affecting interstate commerce for you to find him guilty. Property used for residential purposes may also be considered as being used in or affecting interstate commerce in some circumstances. Under the statute, rental residential property is included as property affecting interstate commerce.

The government does not have to prove that the materials used to destroy or damage the building were in interstate commerce. The government also does not have to prove that the defendant knew that the property was actively used for some commercial purpose. If you find, therefore, that the government has proven beyond a reasonable doubt that the property in question comes within the definition of "property used in interstate commerce or in activities affecting interstate commerce" as I have just described it to you, the second element of the offense is satisfied, you may find the conspiracy concerned a building or property used in interstate commerce.

*Source*: Modern Federal Jury Instructions – Instruction 30-4 (2024) (modified) and Pattern Criminal Jury Instructions, 5th Circuit 2.37B (2019)

**The parties agree to this proposed instruction.**

**FINAL INSTRUCTIONS:  ADDITIONAL BASES FOR CRIMINAL RESPONSIBILITY**

**7.02    Accomplice Liability: Aiding and Abetting (18 U.S.C. § 2(a))**

A person may be guilty of knowingly and unlawfully possessing a firearm, namely a destructive device as charged in the indictment an offense because he personally committed the offense himself or because he aided and abetted another person in committing the offense. In this case, the government alleges that Kris Nevling and Clint Addleman, aided and abetted by each other, did knowingly and unlawfully possess a firearm, namely a destructive device as charged in the indictment. In order to prove this offense, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

First:  That a person committed the offense charged at Count One by committing each of the elements of the offense charged, as I have explained those elements to you in these instructions;

Second: That Kris Nevling knew that the offense charged was going to be committed or were being committed by that person;

Third:  That Kris Nevling knowingly did some act for the purpose of aiding, assisting, soliciting, facilitating, or encouraging that person in committing the specific offense charged and with the intent that the person commit that specific offense; and

Fourth:  That Kris Nevling performed an act in furtherance of the offense charged.

In deciding whether an Kris Nevling had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including the his words and actions and the other facts and circumstances. However, evidence that Kris Nevling merely associated with a person involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offenses is not enough for you to find him guilty as an aider and abettor. If the evidence shows that Kris Nevling knew that the offense was being committed or was about to be committed but does not also prove

beyond a reasonable doubt that it was his intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find him guilty of the offenses as an aider and abettor.

To show that Kris Nevling performed acts in furtherance of the offenses charged; to satisfy the fourth requirement, the government needs to show some affirmative participation by Kris Nevling which at least encouraged the principal to commit the offenses. That is, you must find that the accomplice's acts did, in some way, aid, assist, facilitate, or encourage the principal to commit the offenses. The accomplice's acts need not further aid, assist, facilitate, or encourage every part or phase or element of the offenses charged; it is enough if the accomplice's acts further aid, assist, facilitate, or encourage only one part or phase or element of the offenses. Also, the accomplice's acts need not themselves be against the law.

*Source:* Third Circuit Model Criminal Jury Instruction 7.02 (2021) (modified)

**The parties agree to this proposed instruction.**