IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 3:23-14-2** |
| | ) | **Judge Stephanie L. Haines** |
| **CLINT ADDLEMAN** | ) | |

## JURY TRIAL ORDER

AND NOW, this ___6th___ day of November, 2025, **IT IS ORDERED** that counsel hereby shall comply with the following pretrial and trial procedures:

**A.   PRETRIAL PROCEDURES**

1. **Final Pretrial Conference**

   The Court will hold a Final Pretrial Conference on **Monday, February 9, 2026, at 10:30 A.M.** in Courtroom A—Johnstown before the undersigned. Counsel for the Government, counsel for Mr. Addleman, and Mr. Addleman himself shall all be in attendance for the Conference.

2. **Jury Selection and Trial**

   Jury selection will take place on the first day of trial, **March 9, 2026, at 9:00 a.m.**, in the following location: Courtroom A, United States Courthouse, Johnstown, PA. Trial will continue on each successive weekday until completed.

3. **Witness Lists and Exhibits**

   *It is unnecessary to move for leave to file witness lists under seal.*

   a.   The Government shall file with the Court its list of trial witnesses *under seal*, listing separately the witnesses it will call and the witnesses it may call if needed (other than purely for impeachment). For each witness listed, the Government shall provide an offer of proof explaining the substance of the testimony of the witness. The Government's witness list and offers of proof shall be due **at least 7 calendar days before trial**.

    b.    Defendant shall file with the Court a list of trial witnesses *under seal*, *excluding Defendant*, listing separately the witnesses he will call and the witnesses he may call if needed (other than purely for impeachment). For each witness listed, Defendant shall provide an offer of proof explaining the substance of the testimony of the witness. Defendant's witness list and offers of proof shall be due **at least 7 calendar days before trial**.

    c.    To the greatest extent possible, all exhibits are to be marked and a digital copy shall be provided to the Court **at least 3 calendar days before trial**. The Government's exhibits shall be marked numerically (G-1, G-2, G-3, etc.); Defendant's exhibits shall be marked alphabetically (A, B, C, etc.).

4.    **Evidentiary Issues**

    a.    **Jencks Act.** The Government shall disclose all Jencks material in accordance with 18 U.S.C. Section 3500(b), but with encouragement to disclose such material **no later than 21 calendar days before trial.**

    b.    *Brady/Giglio* **Materials.** The Government shall provide defense counsel with copies of any *Brady/Giglio* materials not previously disclosed **no later than 21 calendar days before trial**.

    c.    **F.R.E. 404(b). At least 21 calendar days before trial**, the Government shall give to Defendant any evidence of Defendant's uncharged conduct that the Government intends to introduce at the trial under Fed. R. Evid. 404(b).

    d.    **F.R.E. 609(b). At least 21 calendar days before trial**, the Government shall give to Defendant any evidence of Defendant's prior conviction(s) that the Government intends to introduce at the trial under Fed. R. Evid. 609(b)

5.    **Motions**

The parties shall file all motions in limine, including motions under Fed. R. Evid. 104(a) and motions to limit or sever issues, together with supporting briefs, **at least 21 calendar days before trial**. Responses shall be filed **at least 14 calendar days before trial**. All briefs supporting or opposing such motions are limited to **5 pages**.

6. **Proposed Voir Dire**

   Counsel are permitted to file proposed supplemental Voir Dire questions **at least 14 calendar days before trial**. The Court will ask Voir Dire questions, with as many questions as possible asked of the panel *en banc*. Individual Voir Dire will be limited to conserve time. The Government shall have **6** peremptory challenges, and Defendant shall have **10** peremptory challenges collectively.

7. **Proposed Jury Instructions**

   Counsel shall meet in an attempt to agree on a joint set of proposed jury instructions. After the meeting, **and at least 14 calendar days before trial**, counsel shall electronically file a unified (meaning **1**) combined set of proposed instructions and also forward to the Court the proposed instructions in Microsoft Word format. The filed set of instructions shall include both the agreed upon instructions and the proposed instructions to which the parties have not agreed. Each agreed upon instruction shall include the following notation at the bottom: "The parties agree to this proposed instruction." Each instruction to which the parties have not agreed shall indicate at the bottom the name of the party proffering the instruction. Proposed instructions by different parties shall be grouped together. A charging conference will be held, at which time a ruling will be made on each point for charge and a copy of the Court's proposed charge will be supplied to counsel. Counsel are required to state objections to the proposed charge at the charging conference and to supply the alternate language, together with case authority.

8. **Proposed Verdict Slip**

   The parties shall each file a proposed verdict slip **at least 7 calendar days before trial**.

9. **Joint Stipulations**

   The parties shall file joint stipulations **at least 7 calendar days before trial**.

10. **Neutral Summary**

    The parties shall file a joint neutral summary of the indictment and a brief statement of the defense that will be read to the venire before jury selection and read again to

the jury to introduce the trial. This joint neutral summary is to be filed **at least 7 calendar days before trial**.

B. **TRIAL PROCEDURES**

1. **Hours**

    Court is in trial session, unless otherwise ordered by the Court, Monday through Friday, 9:00 a.m. to 5:00 p.m., with breaks where appropriate. All counsel are expected to be in their seats and ready to commence at the appointed times.

2. **Daily Court/Counsel Conference during Trial**

    All counsel shall be prepared to meet with the Court to discuss the presentation of witnesses and evidence for the next trial day, as well as discuss any other trial-related issues that necessitate discussion outside of the presence of the jury. Counsel should be sure that they have adequate witnesses to fill the trial session time allotted each day. This daily conference shall, in the discretion of the Court, be scheduled after the completion of each trial day or prior to the beginning of each trial day at 8:30 a.m. (or earlier if necessary to ensure that trial commences on time).

3. **Opening Statements and Closing Arguments**

    Up to 1 hour is permitted to each side for opening statements and closing arguments, depending on the complexity of the case. Normally not more than one-half hour is required for each side. Counsel may use exhibits or charts in the opening statements provided that the same have been provided to opposing counsel beforehand and either agreement was reached or the Court has ruled upon the matter.

BY THE COURT:

_/s/ Stephanie Haines_
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE