IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:23-14 |
| | ) | |
| CLINT ADDLEMAN | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
PROPOSED SUPPLEMENTAL VOIR DIRE**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Maureen Sheehan-Balchon, Assistant United States Attorney, Samantha Stewart, Assistant United States Attorney, and Shaun E. Sweeney, Special Assistant United States Attorney, for said district, responding as follows:

The defendant's requested supplemental voir dire (Doc. No. 293) contains 50 questions. The decision as to whether to grant the requested supplemental voir dire is a matter within the Court's discretion. As set forth in more detail below, the government objects to many of the specific questions contained therein, particularly the questions which are being asked simply to emphasize legal points which favor the defendant and which are going to be in the Court's instructions anyway.

**Rule 24 And Third Circuit Law Regarding Voir Dire**

Rule 24 of the Federal Rules of Criminal Procedure provides in relevant part as follows:

(a) <u>Examination</u>

(1) <u>In General</u>. The Court may examine prospective jurors or may permit the attorneys for the parties to do so.

(2) <u>Court Examination</u>. If the court examines the jurors, it must permit

>
> the attorneys for the parties to:
>
> (A) ask further questions that the court considers proper; or
>
> (B) submit further questions that the court may ask if it considers them proper.

The voir dire process "is a preliminary examination to ascertain the qualifications of potential jurors as well as any disqualifying bias or prejudice." *United States v. Wooton*, 518 F.2d 943, 945 (3d Cir. 1975), *cert. denied*, 96 S.Ct. 196 (1975). Its central purpose "is to weed out veniremen incapable of rendering a fair and impartial verdict." *Id*. (citations omitted). The court has broad discretion in deciding which questions should be asked. *Id*. (citing *Ham v. South Carolina*, 409 U.S. 524, 528 (1973)). "The reasons for vesting such discretion are two-fold: 'first, to see that the voir dire examination actually is effective in obtaining an impartial jury, and second, to see that this result is obtained with reasonable expedition.'" *Id.* (citations omitted).

### Questions Which Merely Emphasize Points Of Law Favorable To The Defendant

Proposed questions 7, 21, 23, 25, 26, 27, 28 and 47 are improper, as they ask the potential jurors if they agree with certain isolated points of law which the jurors must swear to follow, and which will be included in the Court's final instructions. This type of question was found by the Third Circuit to be improper in *Wooton, supra*.

In *Wooton*, the defendant appealed his conviction and life sentence for an interstate kidnaping which resulted in the death of the victim. The defendant raised several issues on appeal, but the Third Circuit's opinion addressed only the issues pertaining to the trial court's refusal to use some of the 42 voir dire questions proposed by the defendant. Three of the questions at issue were as follows:

> (1) Can you accept the proposition of law that the government must prove every material element of the crime charged beyond a reasonable doubt, and that if the government would fail to meet this burden, it would be your duty to find the defendant not guilty? Can you accept this proposition of law without any mental reservations whatsoever?
>
> (2) If you, in your own judgement, came to the conclusion that the government had not proven beyond all reasonable doubt that at the time the defendant committed the crimes in question he was sane and of sound mind, would you have any scruples or difficulty bringing in a verdict of not guilty?
>
> (3) Do you, as an individual, understand the rule of law that says that this defendant, as every defendant in a criminal case, is entitled to your individual judgement and can you follow that rule without any mental reservations whatsoever?

The trial court denied the defendant's request to include these questions in the voir dire examination because the subjects covered by those questions would be covered in the jury instructions and by another proposed voir dire question which the trial court had agreed to ask:

> Do you know of any reason why you should not be seated on this jury, or why if seated, you would not be able to render a fair and impartial verdict based solely upon the evidence presented during the course of this trial and upon the law as the court will give it to you at the conclusion of this trial?

*Wooton* at 945.

The Third Circuit agreed with the trial court's refusal to ask the requested voir dire questions. In doing so, the Third Circuit phrased the issue as follows: "whether a district judge, during voir dire of prospective jurors, must inquire, when requested, if the veniremen can accept

3

and will apply the legal proposition that the government must prove every element of the crime charged beyond a reasonable doubt." *Wooton* at 944. The Court held "that the failure to ask such questions does not, in and of itself, constitute an abuse of discretion cognizable as reversible error." *Id*. The Court's reasoning was as follows:

> Here, ...appellant seeks an extension of orthodox voir dire inquiry. He would have us mandate that prospective jurors state during voir dire that they accept and can apply the substance of a legal precept which necessarily would be treated in the court's instructions to the jury.
>
> In urging such an extension of the scope of voir dire, appellant confuses an inquiry as to whether one's personal convictions would preclude one from rendering an impartial verdict a proper function of voir dire with an inquiry as to whether one agreed with a rule of law. In the division of responsibilities between judge and jury, the jurors have no prerogative to question in the slightest degree the law to be applied to an issue, as announced by the court in its instructions. Indeed, the jurors each swear to render a 'true verdict' 'according to the evidence and law as given you by the Court.' Moreover, the court did cover this issue during voir dire by asking, almost verbatim, defendant's propounded question No. 42... Thus, once the jurors either took the juror's oath or made the juror's affirmation they were bound to render a verdict under the law as given by the court, including the court's charge on reasonable doubt. Accordingly, it is not necessary to inquire as to whether a juror will refuse to do that which he swears or affirms he will do.

*Id*. at 946. *See also, Jacobs v. Redman*, 616 F.2d 1251, 1255-56 (3d Cir. 1980), *cert. denied*, 100 S.Ct. 2170 (1980).

Upon review of the defendant's proposed voir dire questions in the instant case, it becomes readily apparent that questions 7, 21, 23, 25, 26, 27, 28 and 47 are improper for precisely the same reason that the proposed questions in *Wooton* and *Jacobs* were deemed improper. Accordingly, these questions should not be asked.

### Questions Which are Statements Designed to Persuade Jurors

Question numbers 10 and 38 are improper in that they are merely statements emphasizing points which favor the defense. Obviously, prosecutors and law enforcement officers, like persons working in all professions, sometimes make mistakes. The purpose of these questions, therefore, is not to "ascertain the qualifications of potential jurors as well as any disqualifying bias or prejudice." *Wooton* at 945. Instead, the questions would simply place undue emphasis on points of fact of which all potential jurors are aware, and which would favor the defense, especially when such questions are posed to them by the Court.

### Questions for Which the Government Would Request an Additional "Flip Side" Question

Question numbers 9, 29 and 30 seek information that would tend to reveal potential biases of potential jurors which would favor the government. The government respectfully requests that, if such questions are asked, that the Court immediately thereafter pose similar questions which would tend to reveal potential biases which would favor of the defense.

For example, if the Court asks Question 9, the government would request that the Court also ask whether "any member of the panel has a close friend or associate who is currently or formerly a criminal defense attorney?"

With respect to Question 29, if asked, the government would request the flip-side question, "does any member of the panel have affixed to their bumper or to any other personal property any statements which could be construed as opposing or condemning any law enforcement agency?"

Finally, as to Question 30, if asked, the government would request that the panel also be asked whether "any member of the panel operates a blog, social media group, website or other electronic page that deals with opposing or condemning any law enforcement agency?"

Respectfully submitted,

TROY RIVETTI
United States Attorney


/s/ *Maureen Sheehan-Balchon*
MAUREEN SHEEHAN-BALCHON
Assistant United States Attorney
PA ID No. 78059

/s/ *Samantha Stewart*
SAMANTHA STEWART
Assistant United States Attorney
PA ID No. 310068

/s/ *Shaun E. Sweeney*
SHAUN E. SWEENEY
Special Assistant United States Attorney
PA ID No. 53568