IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:23-14 |
| | ) | Judge Stephanie L. Haines |
| CLINT ADDLEMAN | ) | |

**MEMORANDUM ORDER**

On August 20, 2024, a grand jury sitting in the Western District of Pennsylvania returned a four-count Superseding Indictment charging Mr. Addleman with possession of an unregistered firearm/destructive device, in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 2 (Count One); conspiracy to maliciously destroy property by explosive or fire, in violation of 18 U.S.C. § 844(n) (Count Two); malicious destruction of property by explosive or fire resulting in death, in violation of 18 U.S.C. § 844(i) (Count Three); and conspiracy to distribute and possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 846 (Count Four) (ECF No. 38).

Mr. Addleman's trial is scheduled to begin on March 9, 2026. One of the motions in limine currently pending before the Court is the Government's "Motion in Limine Regarding Admission of Relevant Graphic Evidence That is Material to Prove the Charged Offenses" (ECF No. 226). No opposition to this motion has been filed by Defendant.

In the Government's Motion at ECF No. 226, it seeks the "admission of a limited number of graphic, highly probative exhibits during the trial." (*Id.* at 1). Specifically, the Government seeks the admission of ten photographs. (ECF No. 230). Two of those photographs depict the aftermath of the explosion and fire at 327 East Market Street, Clearfield, PA on October 4, 2019, including parts of the dead body of S.L.C. (Government's Exhibits 34, 35). Eight of those

photographs are autopsy pictures of body parts of S.L.C. (or the like). (Government's Exhibits 23–25, 27–31).

In support of its request to admit these ten photos, the Government argues that they are "highly relevant and necessary" images. (*Id.* at 2). Specifically, the Government contends that images "of the deceased victim are extremely probative as to the question of whether this explosion occurred through the use of an explosive bomb, as opposed to some other cause." (*Id.* at 2–3). Further, the Government asserts that these "photos will also be probative of the defendants' specific intent and motive—that is, that [Mr.] Addleman and [Mr.] Nevling violently and lethally targeted the victim with an explosive device disguised as a birthday gift." (*Id.* at 3). Finally, the Government argues that the exhibits "from the autopsy of the deceased victim will aid the jury in receiving the testimony of the clinical pathologist and illustrate findings as to the cause and manner of death of the victim." (*Id.*). In short, the Government contends that the images survive Rule 403 balancing because, in the "context of violent crimes and killings, courts have routinely determined that the probative value of crime scene and autopsy images is not substantially outweighed by the risk of unfair prejudice." (*Id.* at 6–7).

As the Court noted above, Mr. Addleman has not opposed this Motion. Therefore, the Court GRANTS AS UNOPPOSED the Government's Motion at ECF No. 226 and will permit the Government to introduce the photographs in ECF No. 230 at trial.

Dated: March 5, 2026

Stephanie L. Haines
United States District Court Judge